**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Harold Jones, III | ) | Civil Action No. 2:21-2014-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Sheriff Chuck Wright and | ) | |
| Deputy McCormick, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that the amended complaint be dismissed with prejudice. (Dkt. No. 17.)  For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses this action with prejudice.

I.    **Background**

Plaintiff proceeds pro se to allege in his amended complaint that his constitutional rights were violated pursuant to 42 U.S.C. § 1983 when he received inadequate medical treatment after an April 2021 "slip and fall without a wet floor sign being up" at the Spartanburg County Jail, for which he was provided by jail personnel Tylenol, Ibuprofen, two mattresses for his back, an x-ray of his back, and medication for headaches. (Dkt. No. 10 at 4, 8.)

Plaintiff filed the amended complaint following the Magistrate Judge's issuance of a Proper Form Order that granted Plaintiff's motion to proceed in forma pauperis and notified him that the original complaint failed to state a plausible claim because (1) original defendant, the Spartanburg County Jail, was not a "person" under § 1983 and (2) he did not sufficiently plead a claim for inadequate medical treatment. (Dkt. No. 7.)  Plaintiff filed the instant amended complaint, which replaces the Spartanburg County Jail with defendants Sheriff Wright and

Deputy McCormick, but contains substantially the same factual allegations as to inadequate medical treatment as did the original complaint. The Magistrate Judge reviewed the amended complaint and recommends that it be dismissed with prejudice for failure to state a claim. Plaintiff did not file an objection to the recommendation.

## II.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III.   Discussion

By proceeding in forma pauperis, Plaintiff's amended complaint is held to § 1915, which provides "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). While pro se litigants' pleadings are held to a less stringent standard than when represented by counsel, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), to state a claim on which relief may be granted under § 1983 Plaintiff must sufficiently allege that a right secured by the

Constitution or laws of the United States was violated by a person acting under the color of state law, *West v. Atkins*, 487 U.S. 42, 48 (1988).

The amended complaint's allegations remain insufficient to bring a claim under § 1983. There are no factual allegations as to Sheriff Wright, as his name appears only in the case caption. As to Deputy McCormick, Plaintiff must plead that he had a serious medical need to which McCormick acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious medical need" is one diagnosed by a physician or so obvious that a lay person would recognize a doctor's attention were necessary. *See Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). "Deliberate indifference" requires the defendant's knowledge and disregard of an excessive risk to the inmate's health. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Mere negligence or malpractice do not rise to this level of constitutional violations. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The amended complaint fails to sufficiently state a claim for inadequate medical treatment, instead alleging that Plaintiff had neck and back pain for which he received ongoing medical treatment and pain management medication.

These pleading defects were brought to Plaintiff's attention, and he was given the opportunity to cure them by filing an amended complaint. Because the amended complaint contains the same defects as did the original complaint, the Court concurs with the Magistrate Judge's finding that additional leave to amend would be futile and dismissal with prejudice is warranted. *See Workman v. Morrison Healthcare*, 724 Fed. App'x 280, 281 (4th Cir. 2018).

## IV.    <u>Conclusion</u>

For the foregoing reasons, the Court **ADOPTS** the R & R as the order of the Court. (Dkt. No. 17.) The amended complaint is **dismissed with prejudice**. The Clerk is directed to close this action.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

March 28, 2022
Charleston, South Carolina